UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PETER LEWIS,

                          Movant,

                                                          20-cv-2337 (LAK)
                                                          (16-cr-0212 (LAK))
          -against-


UNITED STATES OF AMERICA,

                          Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM AND ORDER


LEWIS A. KAPLAN, *District Judge.*

          In 2016, movant was charged in a multi-count indictment stemming from his
membership in 2Fly YGz ("2Fly"), a street gang in the Bronx.  Relevant here, Count One charged
a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and Count Two charged a narcotics
conspiracy in violation of 21 U.S.C. 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Count Four
charged firearms discharge in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

          On December 21, 2016, movant pled guilty, pursuant to a plea agreement, to the
lesser-included offense of that charged in Count Four: using, carrying, and possessing a firearm in
connection with the racketeering conspiracy charged in Count One and the narcotics conspiracy
charged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  As part of this plea agreement,
movant agreed that he would not file a direct appeal challenging or otherwise litigate any sentence
of sixty months or less.  Movant was sentenced on April 25, 2017 to a term of imprisonment of sixty
months.  He now moves, pursuant to 28 U.S.C. § 2255, to vacate his conviction in light of *United
States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019)
[20-cv-2337, DI 1; 16-cr-0212, DI 1467]**.**

          A defendant is guilty of violating Section 924(c)(1)(A) if he used or carried a firearm
during and in relation to a crime of violence or to a drug trafficking crime.  A "crime of violence"
is defined in Section 924(c)(3)(A) (the "elements" or "force clause")  and in Section 924(c)(3)(B)
(the "residual clause.").

          *Davis* and *Barrett* invalidated Section 924(c) convictions predicated on offenses
deemed "crimes of violence" under Section 924(c)(3)(B)'s residual clause, such as conspiracies to
commit crimes of violence. They left untouched convictions predicated on drug trafficking crimes,

including drug conspiracies.

     The government argues that movant's claim is procedurally barred by virtue of movant's failure to raise the issue on direct appeal[1] and, in any event, that it would fail on the merits. It concedes that the racketeering conspiracy charged in Count One no longer can form the predicate for movant's Section 924(c) conviction. DI 1468 at 16.[2] However, it argues that his conviction is supported by the conduct charged in Count Two since a narcotics conspiracy remains a valid predicate offense.

     When a challenge to a conviction is not raised on direct appeal, a defendant is prohibited from doing so in a Section 2255 motion unless he demonstrates "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Thorn v. United States*, 659 F.3d 227, 231 (2d Cir. 2011). Cause may be shown where a claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

     As noted, movant never filed a direct appeal. The government argues that he could have raised a *Davis*-like argument had he done so and challenged his Section 924(c) conviction based on *Johnson v. United States*, 145 S. Ct. 2551 (2015). This argument, however, would have been rejected by the Second Circuit. Indeed, the Circuit continued to uphold Section 924(c)(3)(B) residual clause convictions until *Davis* was decided in 2019. *See United States v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018) ("[I]t has long been the law in this circuit that a conspiracy to commit a crime of violence is itself a crime of violence under 18 U.S.C. § 924(c)(3)."). Accordingly, Second Circuit precedent foreclosed movant's present claim that his conviction is invalid after *Davis*. That is sufficient cause.

     Movant's more difficult problem is that he has not demonstrated that he was prejudiced by a failure to raise a *Davis* challenge on direct appeal. "The prejudice requirement is met by establishing actual prejudice resulting from the errors of which [movant] complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). To meet this standard, movant must show that those

---

[1]    The government concedes that the collateral attack waiver in the plea agreement does not prohibit movant from bringing this motion since the waiver pertained only to his ability to challenge his sentence, and movant here challenges the validity of the underlying conviction.

    The Court notes that the contents of movant's waiver and the nature of his challenge differ from those at issue in *Sanford v. United States*, 841 F.3d 578 (2d Cir. 2016), in which a defendant argued that his *sentence* was unconstitutional after *Johnson v. United States*, 135 S.Ct 2551 (2015). The Circuit rejected this argument, finding that defendant's waiver of the right to challenge his sentence *or conviction* precluded him from bringing his Section 2255 petition. The Circuit, however, has not yet decided whether an appellate waiver, let alone one that pertains only to a sentence challenge, is enforceable when a defendant challenges his *conviction* in light of *Johnson* or *Davis*.

[2]    Unless indicated otherwise, all docket references are to 16-cr-0212.

errors "worked to his *actual* and substantial disadvantage," and not "merely that the errors . . . created a *possibility* of prejudice." *Id*. at 170 (emphasis in original).

Movant's Section 924(c) conviction was premised on two predicate offenses: the racketeering conspiracy charged in Count One and the narcotics conspiracy charged in Count Two. Even if movant could have raised and succeeded on a *Davis*-like challenge on direct appeal, movant's conviction still would have been supported by the narcotics conspiracy. He does not argue nor otherwise suggest that he would not have pleaded guilty to the Section 924(c) charge had it been premised only the narcotics conspiracy charged in Count Two.   Such a showing is necessary to excuse movant's procedural default since, as noted above, *Davis* has no bearing on the Count Two predicate.

Nor has movant demonstrated actual innocence.  To do so, he must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him had the case gone to trial." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Under this standard, the Court may consider the record as a whole, which includes the Presentence Report ("PSR"). *Hyman v. Brown,* 927 F.3d 639, 659 (2d Cir. 2019); *Mizell v. United States,* No. 14-CR-0212 (RJS), 2020 WL 2216561, at *5 (S.D.N.Y. May 6, 2020).  Here, the PSR's undisputed factual recitations, which the Court adopted,[3] included movant's membership in 2Fly, which engaged in drug trafficking, as well as his personal involvement in drug sales with other 2Fly members. PSR ¶¶ 15, 17, 20, 36, 37.   Further, movant knowingly and voluntarily pled guilty to using a firearm in connection with the narcotics conspiracy. DI 1468 Ex. A, Ex. B Tr. at 4.

Even if movant could overcome his procedural default, his claim would fail on the merits. Though a narcotics conspiracy as charged in Count Two is a valid predicate crime for movant's Section 924(c) conviction, there must be "legally sufficient proof that the predicate crime was, in fact, committed" for it to stand. *Johnson v. United States*, 779 F.3d 125, 126 (2d Cir. 2015). In this analysis, courts "focus[] on the conduct to which a defendant allocutes in the course of pleading guilty." *Clayton v. United States,* 16-cv-4967 (JGK), 2020 WL 1989395, at *4 (Apr. 27, 2020 S.D.N.Y.) (citations omitted); *see, e.g., United States v. Figueroa*, No. 16-1653-CR, 2020 WL 2892855, at *3 (2d Cir. June 3, 2020);*United States v. Rivera*, 679 F. App'x 51, 55 (2d Cir. 2017); *Morgan v. United States*, No. 12-cr-464 (PAC), 2020 WL 1699995, at *2 (S.D.N.Y. Apr. 8, 2020).

The following exchange occurred during movant's plea allocution:

THE COURT: And the 2 Fly crew, they are involved in an enterprise. What does the 2 Fly crew do?
THE DEFENDANT: They are a street gang.
THE COURT: Are they involved with narcotics?
THE DEFENDANT: I'm here for a gun, so I don't know.

---

[3]

DI 1468 Ex. C. Tr. 3, 16.

4

DI 1468, Ex. B at Tr. 14.  Upon further questioning by the Court, movant stated that 2Fly "do whatever street gangs do[.]" *Id* at 16.  This included "violence and drugs." *Id.* at 17.

The plea allocution thus provides some, though not alone sufficient, factual support for the narcotics conspiracy predicate.  However, when coupled with the record detailed above, including the PSR findings adopted by the Court without objection, there is "legally sufficient proof" that movant used a firearm in connection with a narcotics conspiracy. *See, e.g.*, *Mizell*, 2020 WL 2216561, at *5 (finding that there was a sufficient factual basis to support a drug trafficking conspiracy predicate where the record, including the PSR, "defeat[ed] [defendant's] claim of 'actual innocence.'").

Accordingly,  movant's motion [20-cv-2337, DI 1; 16-cr-0212, DI 1467] pursuant to 28 U.S.C. § 2255 is denied.  A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:      June 29, 2020

_____
Lewis A. Kaplan
United States District Judge